IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40035
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY JAMES GUIDRY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 95-40035
- - - - - - - - - -
July 18, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tony James Guidry appeals his conviction and sentence for conspiracy to distribute and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Guidry argues that the district court erred in denying his motion to suppress cocaine and a firearm discovered in the vehicle in which he was travelling. He argues that the prolonged detention after

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the valid initial traffic stop was unreasonable under the Fourth Amendment.

The traffic stop was valid at its inception, and the questioning of the defendant before the issuance of the written and verbal warnings did not unreasonably extend the valid stop. See United States v. Shabazz, 993 F.2d 431, 437-38 (5th Cir. 1993). The detention lasted no longer than necessary to confirm or dispel the officer's suspicion that the vehicle contained contraband or that the defendant had committed any other serious crime. See Shabazz, 993 F.2d at 436-37. The valid voluntary consent given by Guidry's codefendant, the owner of the vehicle, cured any Fourth Amendment violation. See United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir.), cert. denied, 508 U.S. 944 (1993). The district court did not err in denying Guidry's motion to suppress.

Guidry also argues that the district court abused its discretion in admitting evidence of his subsequent possession of cocaine pursuant to Fed. R. Evid. 404(b). We have examined the record and Guidry's contentions and find no reversible error. See United States v. Beechum, 582 F.2d 898, 914 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920 (1979). Accordingly, we AFFIRM the judgment for essentially the reasons given by the district court.

AFFIRMED.